(No. 4721—

INTERNATIONAL BUSINESS MACHINES CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 21, 1957.*

BEAMISH, EDWARDS AND BRUNNEMEYER, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; THOMAS G. CRONIN, Assistant Attorney General, for Respondent.

FEARER, J.

A claim was filed herein on May 7, 1956 in the amount of $1,668.00, in accordance with a contract between claimant and the Northern Illinois State College, DeKalb, Illinois, for the rental of certain machines set forth in said contract, and invoice voucher attached to the complaint and made a part thereof.

The record consists of the following:

Complaint.
Commissioner's Report.
Transcript of evidence.
Motion of claimant for leave to waive the filing of brief.
Order of the Chief Justice granting the motion of claimant for leave to waive the filing of brief.

The evidence offered conforms to the complaint, and the Commissioner's Report so found that the claim was based upon a contract dated March 30, 1950, which was claimant's exhibit No. 1, and the rental period covered was from January 1, 1955 through March 30, 1955, and involved the sum of $1,668.00. The aforesaid rental claim was made by claimant on August 31, 1955, and claimant was informed by letter from the Senior Accountant of Northern Illinois State College, dated January 27, 1956, (a copy of said letter being claimant's exhibit No. 3) to the effect that the billings occurred after the appropriation for the biennium had lapsed, which in this case had occurred on June 30, 1955. The rentals for the machines set forth in the voucher did not cover the same machines as were set forth in the contract, due to changes in the machines by agreement of both parties, as provided for in the contract.

Respondent did not introduce any testimony. Claimant's exhibit No. 3, herein referred to, written by the Senior Accountant, Mr. Hayden, assigns as the only reason for failure to pay the rental provided for was the lapse of the appropriation, referring to the last bienium covering the period from July 1, 1953 through June 30, 1955. In the letter Mr. Hayden states that, in order for all bills and invoices to be paid covering services or merchandise received between those two dates, it is necessary by state law that invoices be in the College's office prior to June 30, 1955.

There is no question but what the funds were on hand at the time the contract was entered into. Therefore, this Court has held many times that the mere lapse of the appropriation, as long as the funds were available at the

time the contract was made, would not defeat claimant's right to recover, there being no other dispute involved.

It is, therefore, the order of this Court that claimant be awarded the sum of $1,668.00.